IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL R. DUNLEAVY, JAMES J. FERRY, II, TODD MIKEC, THOMAS R. McINTYRE, THOMAS H. HIGGINS and CHARLES L. FUELLGRAF, III, as trustees of the WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION, INSURANCE DEFERRED COMPENSATION AND WAGE AND FRINGE FUNDS,<br><br>        Plaintiffs,<br><br>vs.<br><br>MORTIMER ELECTRIC, INC.,<br><br>        Defendant. | Misc. No. 3:15-mc-52 |

## COMPLAINT IN CONFESSION OF JUDGMENT

Plaintiffs by their attorneys, Tucker Arensberg, P.C., aver that:

1. Jurisdiction of this action arises under Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("**ERISA**"), as amended, 29 U.S.C. Section 1132 and 1145, and also under Section 301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. Section 185, in that Plaintiffs are aggrieved by Defendant's failure to timely pay dues and fringe benefit contributions to the Plaintiffs in violation of a certain collective bargaining agreement entered into with the Local Union No. 5, International Brotherhood of Electrical Workers ("**Electrical Workers Union**"), an employee organization.

2. Plaintiffs, Western Pennsylvania Electrical Employees Benefit Funds ("**Funds**"), principal place of business is 5 Hot Metal Street, Pittsburgh, Pennsylvania 15203-2355.

3. Defendant Mortimer Electric, Inc. maintains its principal place of business

at 9497 Lincoln Highway, Bedford, Pennsylvania 15522.

4. Defendant, on or about the 11th day of December, 2013, by a certain Judgment Note, a copy of which, marked Exhibit "A" and attached hereto, promised to pay the Funds certain sums, together with interest in the manner provided therein.

5. There presently remains owing to Plaintiff Funds as the lawful holder of the Note the unpaid balance of $88,401.18, which includes interest through August 31, 2015. By Warrant of Attorney contained in the Note, Defendant authorized the entry of judgment by confession.

6. Judgment has not been entered on the Note in any jurisdiction against the above Defendant.

7. There has been no assignment of the Note.

8. The monies due under the Note were incurred as a result of the business enterprise of Defendant and such Note does not constitute a consumer financing transaction.

9. Pursuant to the Warrant of Attorney contained in the Note, judgment may now be entered against Defendant as Defendant failed to timely submit installment payments, thereby creating events of default under the Note and accelerating all amounts due thereunder.

10. As part of the Warrant of Attorney executed by Defendant, Defendant waived all laws exempting real or personal property from execution by virtue of any exemption law now in force.

11. Under the Note, the following amounts are now due by Defendant to Plaintiffs:

BALANCE due under first paragraph of Note:

| Fringes (Principal) | Interest through 8/31/15 | Liquidated Damages | Attorneys' Fees (20% of Total) | TOTAL |
|---|---|---|---|---|
| $59,403.57 | $20,483.74 | $8,513.87 | $17,680.24 | $106,081.42 |

WHEREFORE, Plaintiffs demand that a judgment be entered against Defendant as authorized in the Warrant of Attorney contained in the Note in the sum of $106,081.42, together with costs of suit.

TUCKER ARENSBERG, P.C.

/s/ Jeffrey J. Leech
Jeffrey J. Leech, Esquire
PA I.D. No. 19814
Neil J. Gregorio, Esquire
PA I.D. No. 90859
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiffs

3

LIT:591621-1 012179-006591